IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-03-MR-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BROOKLYN SHEA LACKEY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| _____ | ) | |

This matter is before the Court for consideration of the extension of a temporary Order setting the conditions of release for Defendant ("Temporary Release Order," Doc. 89).

I. Relevant Background

Defendant was charged in a Bill of Indictment filed on February 1, 2022, with certain drug-related offenses. Doc. 1.

During Defendant's initial appearance on February 23, 2022, the Government moved for detention. Defendant subsequently waived her right to an immediate hearing on that motion, and the hearing was continued indefinitely for cause. Doc. 21.

On April 1, 2022, a detention hearing was conducted, and Defendant was released on conditions. Doc. 37.

1

On June 8, 2022, a Bond Violation Report was filed alleging that Defendant had violated the terms of her pretrial release. Doc. 54.

On July 6, 2022, the undersigned accepted Defendant's guilty plea as to Count 1 in the Bill of Indictment. Following the acceptance of Defendant's plea, and at the Government's request, Defendant was detained without bond pending further proceedings. Also, the Bond Violation Report was dismissed as moot.

Defendant was scheduled to be sentenced on August 18, 2022, though that proceeding was reset for August 25, 2022.

The day before sentencing (August 24, 2022), defense counsel filed an Emergency Motion for Detention Hearing. Doc. 87. Defendant's request was granted, and a hearing was scheduled for August 29, 2022.

As Defendant was expecting to deliver a child, sentencing did not occur on August 25, 2022, and was continued.

II. Discussion

During the hearing on August 29, 2022, defense counsel reported that Defendant had delivered her child on Friday, August 26, 2022. Defendant remained in the hospital at the time of the hearing, which was held remotely, and she and her attorney appeared from her hospital room as did a third-party witness.

Defendant requested release for exceptional reasons pursuant to 18 U.S.C. § 3145(c), in part noting that Defendant was due to be discharged from the hospital immediately after the hearing. The Government expressed some concern with regard to Defendant's previous alleged bond violations but took no position as to her request for release.

At the conclusion of the hearing, the undersigned entered the Temporary Release Order. The Court advised that the Temporary Release Order would expire on Friday, September 2, 2022, and set a deadline of Wednesday, August 31, 2022 for the parties to make any additional filings with regard to these matters.

On August 31, 2022, Defendant submitted a supplemental brief in support of her continued release (Doc. 91), which filing the undersigned has reviewed. The Government made no further filings.

Defendant's alleged violations of her pretrial conditions, as described in the Bond Violation Report, give the Court some pause.

Further, Defendant's request for release pending sentencing could have been made earlier so that it could have been addressed on a less urgent basis.[1]

---

[1] Pursuant to the Standing Order of the presiding District Judge, the undersigned is authorized to determine, following the acceptance of a guilty plea in a felony matter, whether under 18 U.S.C. § 3143 a defendant should be released or detained pending sentencing, including whether exceptional circumstances exist under Section 3145(c). See 1:11-mc-01.

Nonetheless, defense counsel has worked hard to advocate for Defendant, and by extension her newborn child, as Defendant's case proceeds to sentencing and Defendant faces potential incarceration in prison.

More precisely with regard to Defendant's request for continued release, it is not necessary for the Court to determine whether a defendant's obligation to care for a young child constitutes an exceptional reason supporting release pursuant to 18 U.S.C. § 3145(c) in all cases, and the Court declines to do so.

Under the specific circumstances of this matter, however, the undersigned is persuaded that Defendant has made the necessary showing and that her continued release is appropriate.

Accordingly, the Temporary Release Order (Doc. 89) is **EXTENDED** and Defendant shall **REMAIN RELEASED PENDING FURTHER PROCEEDINGS** on the conditions stated in the Temporary Release Order as well as the associated unsecured bond (Doc. 88).

It is so ordered.

Signed: September 1, 2022

W. Carleton Metcalf
United States Magistrate Judge